BC

RECEIVED 1/29/2026 AXM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Keyona D. Thomas
Representing Pro Se

| | |
|---|---|
| Keyona D. Thomas<br>PLAINTIFF | FOR COURT USE ONLY |
| v. | |
| Amazon.com, Inc., Amazon.com Services LLC, and Amazon Fulfillment Services<br>DEFENDANT(S) | CASE NO.    CIVIL ACTION<br>1:26-cv-1076<br>Judge Matthew F. Kennelly<br>Magistrate Judge Albert Berry, III<br>Random / Cat 2 |

## CIVIL COMPLAINT OF DISABILITY DISCRIMINATION AND BREACH OF CONTRACT

**Federal Jurisdiction is proper Pursuant to FRCP8, 28 U.S.C. § 1331 for federal question, Common Law, and 42 U.S. Code § 12101**

Plaintiff Keyona D. Thomas, brings suit against the Defendants Amazon.com, Inc., Amazon.com, Services LLC, and Amazon Fulfillment Services, LLC., which assert the following:

    1.    The Plaintiff is employed with the Defendants Amazon Fulfillment Services, LLC. located at 6605 Monee Manhattan Rd., Monee, IL, which is owned and operated by Amazon.com Services LLC, and Amazon.com, Inc.

    2.    **Failure to Reasonably Accommodate:** The Plaintiff on October 13, 2025, was denied a medically requested accommodation for her mental health which is diagnosed as Anxiety and Bipolar II Disorder by the Defendants Disability and Leave Services Department known also as DLS. The accommodation requested that the Plaintiff be allowed to transfer to a vacant or open virtual work position or another environment.

    3.    **Breach of Contract:** The Defendants breached their binding contractual at-will agreement with the Plaintiff which is implied through the Defendants Equal Employment Opportunity (EEO) and Employees with Disabilities, Handbook and Rules of Conduct Policies, when the Plaintiff was

1

denied, the September 17, 2025 medically requested accommodation, and also denied Equal Employment Opportunity for the DLS Sr Work Wellness Coach position applied for on August 14, 2025, including numerous positions the Plaintiff has applied for. This breach of contract also stems from pending lawsuit *Reference* 1:23-cv-06637, where the Plaintiff has been physically harassed, intimidated, and retaliated against all in breach of the Defendant's Employee handbook terms and conditions.

4. The Defendants failed to Reasonably Accommodate the Plaintiff by not adhering to their Employees with Disabilities Handbook Policy and by not adhering to the process of interactive dialogue and searching for alternative roles that might have been suitable for the Plaintiff if the vacant roles which the Plaintiff notified DLS of were no longer vacant or available. The Plaintiff applied for a medically requested accommodation on September 17, 2025, to be allowed a virtual role or to work from home as the work environment and the Level 1 role are taking a toll on her mental well-being. The Plaintiff participated in the interactive process by not only reaching out to DLS, but to the respective hiring managers for the vacant or open virtual positions. Despite the Plaintiffs attempts the accommodation was denied, and this process has again proven intimidating to the Plaintiff.

5. **Intentional Infliction of Emotional Distress/Retaliation:** The Defendants failed to uphold the terms of the Plaintiffs at-will employment and have done so on numerous occasions spanning from the onset of the Plaintiffs employment beginning July 12, 2021, until now. The conditions of employment such as illicit drug use on the grounds, pressure from work peers, and retaliation for asserting her rights have taken a toll on the Plaintiffs Physical as well as Mental Health. The Plaintiff has attempted to resolve these issues with the Defendants in house and has attached along with the complaint an Outline of Exhibits detailing the Plaintiffs attempts at a

resolution including the Notice of Right to Sue issued on January 23, 2026. *Reference also* 1:23-cv-06637.

6. **Negligence Respondeat Superior:** The Defendants Amazon Fulfillment Services, LLC, Amazon.com, Services LLC, Amazon.com, Inc., and the DLS department the have been negligent in their required duties to seek alternate accommodation for the Plaintiff. The Defendants have been aware of the Plaintiffs mental illness since July of 2021, and have by and through their agents neglected to uphold the standard policies and practices, causing further injury and frustration for the Plaintiff who is already fragile. This includes the failure to reasonably accommodate, failure to promote, and failing to provide a safe working environment due to illicit drug use on company grounds, which the Defendants by and through their agents should have reasonably known would cause harm to the Plaintiff.

Legal Claims Cause of Action

7. **Violation of the Americans with Disabilities Act** 42 U.S.C. §§ 12101–213. "[T]o establish a claim for failure to accommodate, a Plaintiff must show that: (1) [s]he is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." *Bunn v. Khoury Enters., Inc.,* 753 F.3d 676, 682 (7th Cir. 2014). The Plaintiff was Diagnosed with Anxiety and Bi-Polar Depressive II disorder during 2009, and her employer the Defendants were made aware July 22, 2021, throughout the Plaintiffs employment, and respectively on September 17, 2025, when the Plaintiff by way of Psychiatrist Mehr Iqbal, requested an accommodation for the Plaintiff to be transferred to a virtual position which the Plaintiff is qualified for without the need for additional accommodation. The Defendants failed to reasonably accommodate the Plaintiff when they denied the request on October 13, 2025, for reasons unrelated to what was requested by the Plaintiff. *Reference exhibits* A.-C., *and* H.

8. **Breach of Implied Contract.** 735 ILCS 5/13-206 "The elements of a claim for breach of contract are (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *W.W. Vincent & Co. v. First Colony Life Ins*. Co., 814 N.E.2d 960, 967 (Ill. App. Ct. 2004). The implied contractual agreement between the Defendants and the Plaintiff began on July 8, 2021 when the Plaintiff completed the sign on terms ang agreements of employment. Terms of the contractual relationship are outlined in the the Defendants Employee Handbook The breach of contract began during the Plaintiff's first week of employment, and continued on sporadic occurrences (*Reference* 1:23-cv-06637) and most recently on October 13, 2025, when the Plaintiff was denied a medically requested accommodation. The Plaintiff has been employed with the Defendants over 4 years and remains in good standing fulfilling the substantial performance requirement on her end. The Plaintiff has relied on the promises outlined in the Employee Handbook to her detriment these include promises of Equal Employment Opportunities, a Workplace Free of Harassment, Free of Retaliation, a Drug Free Workplace, and Compliance with the Americans with Disabilities Act. The Plaintiff claims all the aforementioned have been breached by the Defendants from the onset of her employment resulting in physical injury, psychological injury, reputational injury, as well as economic injury from not being either given opportunity for advancement, being denied reasonable accommodation, and the cost incurred to pursue her legal claims. *Reference Exhibit Outline*, and 1:23-cv-06637.

9. **Intentional Infliction of Emotional Distress**. "To state a claim for the Intentional Infliction of Emotional Distress claim, a Plaintiff must allege that: 1) the Defendant's conduct was extreme and outrageous; 2) the Defendant either intended that his conduct inflict severe emotional distress, or the Defendant knew that there was a high probability that his conduct would cause severe emotional distress; and 3) the Defendant's conduct in fact caused severe emotional distress."

4

*Doe v. Calumet City*, 161 Ill. 2d 374, 204 Ill.Dec. 274, 641 N.E.2d 498, 506 (Ill.1994). The Plaintiff alleges that from the onset of her employment with the Defendants she has practiced due diligence to the best of her abilities in compliance with rules of conduct and has not been given the same in return in relation to seeking accommodations most recent October 2025, applying for other job roles, being intimidated or harassed by co-workers, all while the Defendants knew of the Plaintiff's medical conditions, causing severe emotional distress, embarrassment, and constant shifting of the Plaintiffs mental state (*Reference* 1:23-cv-06637). "Federal notice pleading rules do not require that a complaint set forth every action which allegedly inflicted emotional distress." Cook v. Winfrey, 141 F.3d 322, 331-32 (7th Cir. 1998).

10. **Negligence:** To prevail on a claim of negligence the Plaintiff must establish, (1) There was a legal duty owed to employee to provide safe working conditions (2) The duty of care owed was breached or the employer failed to act reasonably (3) The employers breach of duty caused injury to the Plaintiff "but for" their inaction or negligence (4) The Plaintiff suffered actual harm tangibly or physically. According to the Defendants Owners manual, the Plaintiff is entitled to a safe work environment free of harassment, drug use, discrimination, is entitled to equal employment opportunities, and a workplace free of retaliation. The Defendants breached the duty owed to the Plaintiff by failing to adhere to their policy when they refused or failed to accommodate the Plaintiff on October 13, 2025, failed to provide job advancement without reason August 14, 2025, and failed to provide a safe environment free of harassment, retaliation, and a drug free workplace. The Defendants by way of their Attorneys in their Summary Judgement Motion admitted that the Plaintiff properly exhausted administrative remedies for Disability Discrimination, Hostile Work Environment, and Retaliation, this supports the Plaintiffs attempts at resolving her issues in house and the difficulty of finding an acceptable resolution without the need for intervention. The Defendants have admitted to the Plaintiffs claims of hostile work environment

by and through the pending litigation, "we hold that (1) an employer's acknowledgment of vicarious liability for its employee's conduct does not bar a plaintiff from raising a direct negligence claim against the employer, 126666) FLETCHER McQUEEN, Appellant, v. LAVONTA M. GREEN et al. The Plaintiff has asserted before and now that the improper retention, and training of persons within departments such as DLS, Human Resources, Management, and Co-Workers have proven employer negligence in overseeing departmental errors which have caused injury to the Plaintiff.

11.  For the aforementioned reasons the Plaintiff affirms that there is enough plausible grounds to commence civil action, "For a complaint to survive a motion to dismiss, it must allege enough facts to state a claim to relief that is plausible on its face." Cielak, 112 F.4th at 479

## DEMAND FOR JURY TRIAL

12. Plaintiff Thomas DEMANDS TRIAL BY JURY on all counts triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas requests for the COURT to enter judgement against the Defendant(s) and grant relief as follows:

A.  Monetary Relief of $2,000,000.00 for Breach of Contract, Failure to Reasonably Accommodate the Plaintiff, Failure to Provide Equal Employment Opportunity and Advancement, and for negligently inflicting emotional distress.

B.  For the costs Plaintiff incurred as a result of pursuing such claims;

C.  For relief extending beyond the requested as the COURT deems just and fair.

D.  For Plaintiffs mental injuries and such costs incurred by those injuries.

E.  For the Defendants to either investigate the DLS processes or provide additional training on how the interactive process should flow as the Employees with Disabilities Policy states will occur.

F. For the COURT to Grant **IMMEDIATE INJUNCTIVE RELIEF** [FRCP 65] in the form of the Defendants finding suitable Virtual Roles which were requested in the medical September 17, 2025, accommodation request, or alternative roles such as office or clerical work to prevent further injury and harm to the Plaintiff.

I, Keyona D. Thomas of the State of Illinois, County of Cook, attest and swear under oath and penalty of perjury that the forgoing statements are true to the best of my knowledge.

DATED this 27th day of January, 2026

Civilly Submitted,
Keyona D. Thomas

Signed: *(signature)*

Keyona D. Thomas
4000 192nd Place
Country Club Hills, IL 60478 by
Representing Pro Se

OFFICIAL SEAL
ANTHONY MICHAEL MCKEE
Seal of Notary Notary Public, State of Illinois
Commission No. 989112
My Commission Expires April 04, 2028

Signed: *(signature)*
Date: 1-27-2026

7